UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID LEE MITCHELL,

                    Petitioner,

vs.                                        Case No. 3:11-cv-558-J-39JBT

SECRETARY, DOC, et al.,

                    Respondents.

_____

**ORDER**

### I.  STATUS

Petitioner David Lee Mitchell filed a Petition for Writ of Habeas Corpus (Petition) (Doc. 1) under 28 U.S.C. § 2254, an Appendix to Petition for Writ of Habeas Corpus (Doc. 2), and a Memorandum of Law and Argument in Support of Habeas Corpus Relief (Memorandum) (Doc. 3).  The Petition challenges a 2000 state court (Duval County) conviction for attempted murder.  Petitioner raises five grounds for habeas relief.  The Court will address each ground, Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), Dupree v. Warden, 715 F.3d 1295, 1298 (11th Cir. 2013), but no evidentiary proceedings are required in this Court.[1]

This cause is before the Court on Respondents' Response to Habeas Petition (Response) (Doc. 18).[2]  The Exhibits are found in

_____

[1] The Court notes that post conviction evidentiary proceedings were undertaken in the state circuit court.

[2] Respondents calculate that the Petition is timely, Response at 3, and the Court accepts this calculation.

Notice of Filing of Exhibits (Doc. 19).[3]   Petitioner filed a Reply Brief (Reply) (Doc. 20).   See Order (Doc. 9).

## II.   STANDARD OF REVIEW

In this habeas proceeding, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).   "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions."  Harrington v. Richter, 131 S.Ct. 770, 784 (2011).   These exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts.   Id. at 785.

Of importance, there is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence.   28 U.S.C. § 2254(e)(1).   This presumption applies to the factual determinations of both trial and appellate courts.   See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

_____

[3] The Court hereinafter refers to the Exhibits contained in the Notice of Filing of Exhibits as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix.   Otherwise, the page number on the particular document will be referenced.

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL

In some of his grounds of the Petition, Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  In order to prevail on this Sixth Amendment claim, he must satisfy the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

### IV.   PROCEDURAL HISTORY

The following pertinent history transpired.  Petitioner was charged by an amended information with possession of a firearm by a convicted felon, attempted first degree murder, and driving while license suspended or revoked.  Ex. B at 23-24.  The state filed a Notice of Intent to Classify Defendant as a Habitual Felony Offender, and a Notice of Intent to Prosecute Defendant as a Career Criminal.  <u>Id</u>. at 12-13.  The trial court conducted a jury trial on the charge of attempted murder.  Ex. D; Ex. E.  On April 19, 2000, the jury returned a verdict of guilty of attempted murder in the first degree, and the jury found Petitioner discharged a firearm causing great bodily harm or death to another during the commission of the offense.  Ex. B at 115-16.

- 3 -

On April 27, 2000, Petitioner filed a Motion for New Trial. Id. at 117-21.  The trial court denied the motion.  Id. at 122; 176-90.  The court conducted a sentencing proceeding.  Id. at 193-235.  The court found Petitioner met the statutory criteria for classification as a habitual felony offender.  Id. at 231.  The court adjudicated Petitioner guilty and sentenced him to a term of life imprisonment as a habitual felony offender with a minimum mandatory sentence of twenty-five years.  Id. at 232.  The state nol prossed counts one and three.  Id. at 234.

Petitioner appealed his conviction.  Ex. F.  He raised one ground on direct appeal:

> The trial court erred in denying Appellant's motion for mistrial when the prosecutor, in the presence of the jury, showed a photospread to the state's first witness, the victim of the alleged shooting, after the witness had made an in-court identification of Appellant, and then elicited testimony from the witness that within hours of the shooting he had identified Appellant from that same photospread, thereby depriving Appellant of his right to a trial by a fair and impartial jury as guaranteed by the Sixth Amendment to the United States Constitution.

Id. at i.

The state answered.  Ex. G.  The First District Court of Appeal affirmed per curiam on October 5, 2001.  Ex. H.

Petitioner submitted a pro se Motion for Post-Conviction Relief, filed pursuant to Rule 3.850, Fla. R. Crim. P., on March 9, 2002, pursuant to the mailbox rule.  Ex. I.  In ground one,

- 4 -

Petitioner claimed he received the ineffective assistance of trial counsel based on counsel's failure to investigate and call a potential witness, Cece. Id. at 13. In ground two, he claimed his counsel was ineffective for failure to properly question prospective jurors during voir dire about their assumptions concerning the testimony of law enforcement officers. Id. at 16. In his third ground, he asserted that his counsel was ineffective for failure to object to the state's peremptory challenges of prospective black jurors Andre Neal and Leroy Hayes. Id. at 21. In ground four, he claimed counsel was ineffective for failure to allege sufficient grounds for judgment of acquittal for the charge of attempted first degree murder. Id. at 26. In his fifth ground, Petitioner claimed he received the ineffective assistance of trial counsel because counsel failed to file a motion to suppress the mug shot identification. Id. at 29. In ground six, Petitioner claimed trial counsel's performance was deficient because he failed to object to prosecutorial misconduct, and defense counsel failed to seek a mistrial. Id. at 32. In his seventh ground, Petitioner stated he was seeking a new trial based on newly discovered evidence, referencing an affidavit of Kenneth Geddes. Id. at 40-41, 53-55. In his eighth and final ground, Petitioner claimed he was seeking a new trial based on newly discovered evidence, relying on an affidavit of Benajer Douglas. Id. at 45, 50-52.

The circuit court ordered an evidentiary hearing on grounds 1, 3, 5, 7, and 8.  Ex. J at 6.  Evidentiary proceedings took place on June 10, 2004, June 30, 2004, and September 2, 2004.  Ex. J; Ex. K; Ex. L.  On September 15, 2008, the circuit court entered an Order Denying Motion for Post Conviction Relief.  Ex. I at 56-71. Petitioner moved for rehearing, Ex. M at 1-3, and the court denied rehearing.  Id. at 4.  Petitioner filed a notice of appeal.  Id. at 8.

Petitioner appealed, raising the following grounds:

ISSUE ONE:

Appellant would submit that the trial court abused its discretion when it failed to allow Appellant an opportunity to amend grounds II, IV, and VI.

. . . .

ISSUE TWO:

Appellant would submit that the trial court's denial of grounds III, V, VII, and VII[I] was not supported by competent substantial evidence.  Furthermore, there are no record attachments purporting to refute grounds III, V, and VII.

Ex. O at i-ii.

The state filed a notice that it would not file an answer brief.  Ex. P.  On June 24, 2010, the First District Court of Appeal affirmed per curiam.  Ex. Q.  Petitioner moved for rehearing.  Ex. R.  The court denied rehearing.  Ex. S.  The mandate issued on September 3, 2010.  Ex. T.

## V.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Grounds One - Five

In the first ground of the Petition, Petitioner claims that his counsel rendered ineffective assistance in failing to call eyewitness Cece Allen.  Petition at page 6.  <u>See</u> ground one of the Rule 3.850 motion.  Ex. I at 13.  In grounds two and three of the Petition, Petitioner claims the trial court erred in its resolution of his recantation/newly discovered evidence arguments.  Petition at 7-8.  <u>See</u> grounds seven and eight of the Rule 3.850 motion.  Ex. I at 40-41, 45-46.  In the fourth ground of the Petition, Petitioner claims his counsel was ineffective for failing to voir dire the venire regarding predisposition to find a police officer more credible.  Petition at 10.  <u>See</u> ground two of the Rule 3.850 motion.  Ex. I at 16.  In his fifth and final ground of the Petition, Petitioner claims the trial counsel rendered ineffective assistance by failing to exclude out-of-court identification testimony.  Petition at 12.  <u>See</u> ground five of the Rule 3.850 motion.  Ex. I at 29.

### State Law Issues

Respondents contend that with respect to grounds two and three of the Petition, Petitioner raises state law issues.  Response at 4-5.  Upon review, in grounds two and three, Petitioner is actually claiming a defect in a state collateral proceeding, claiming the trial court improperly weighed the evidence produced at the post conviction evidentiary hearing and failed to adequately consider

- 7 -

Petitioner's evidence.  The Eleventh Circuit has found:  "defects in state collateral proceedings do not provide a basis for habeas relief."  Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir.) (citations omitted), cert. denied, 558 U.S. 995 (2009).  Claims of constitutional dimension have not been presented, and grounds two and three are due to be dismissed.  Alston v. Dep't of Corr., Fla., 610 F.3d 1318, 1325-26 (11th Cir.) (recognizing that challenges to a collateral proceeding do not undermine the legality of the conviction itself; therefore, habeas relief is inappropriate), cert. denied, 131 S.Ct. 829 (2010).

### Exhaustion

In addition, Respondents contend that all five grounds raised in the Petition are unexhausted and procedurally defaulted because Petitioner did not raise his claims on appeal of the denial of the Rule 3.850 motion.  Response at 7-10.  Instead, on appeal, he claimed that the post conviction court failed to follow state post conviction rules, an entirely different matter.  Ex. O.

Exhaustion requires that an appeal be taken from the denial of a post conviction motion.  Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (per curiam).  A notice of appeal was filed, Ex. M at 8, as well as an appeal brief.  Ex. O.  The First District Court of Appeal affirmed per curiam on June 24, 2010.  Ex. Q.  The mandate issued on September 3, 2010.  Ex. T.

Here, Petitioner was required to file an appeal brief because he received an evidentiary hearing on his Rule 3.850 motion.  Rule

9.141(b)(3)(C), Fla. R. App. P.  Although he filed an appeal brief, he did not brief the claims raised at bar, electing to brief different issues.  See Cortes v. Gladish, 216 F. App'x 897, 899 (11th Cir. 2007) (per curiam) (finding failure to address issues in an appellate brief would constitute a waiver only if the Petitioner received an evidentiary hearing on a Rule 3.850 motion); Rogers v. Sec'y, Dep't of Corr., No. 8:07-CV-1375-T-30TGW, 2010 WL 668261, at *53 (M.D. Fla. Feb. 19, 2010) (not reported in F.Supp.2d) (citing Cortes and finding Rogers waived and defaulted his claim by not briefing the claim, after receiving an evidentiary hearing on his Rule 3.851 motion in state court); Johnson v. McNeil, No. 4:08-cv-00221-MP-MD, 2009 WL 4042975, at *6 (N.D. Fla. Nov. 20, 2009) (not reported in F.Supp.2d) (citing Cortes for the proposition that "had the petitioner received an evidentiary hearing on his Rule 3.850 motion, his failure to address issues in his appellate brief would constitute a waiver of those issues, and they would be considered procedurally defaulted"); Williams v. McDonough, No. 8:02-CV-965-T-30MAP, 2007 WL 2330794, at *2 (M.D. Fla. Aug. 14, 2007) (not reported in F.Supp.2d) (finding Petitioner received an evidentiary hearing on his Rule 3.850 motion, and "[t]herefore, Petitioner was required to file a brief, he did file a brief, and his failure to address [the grounds] in his brief constitutes a waiver of those issues.").

Petitioner, in his Reply, asks this Court "to excuse procedural niceties and rule upon the merits of his petition,

- 9 -

notwithstanding Petitioner's unexhausted claims." Reply at 1.
This the Court will not do. Of import, there are prerequisites to
a federal habeas review. The Court must be mindful of the doctrine
of procedural default:

> Federal habeas courts reviewing the
> constitutionality of a state prisoner's
> conviction and sentence are guided by rules
> designed to ensure that state-court judgments
> are accorded the finality and respect
> necessary to preserve the integrity of legal
> proceedings within our system of federalism.
> These rules include the doctrine of procedural
> default, under which a federal court will not
> review the merits of claims, including
> constitutional claims, that a state court
> declined to hear because the prisoner failed
> to abide by a state procedural rule. See,
> e.g., Coleman, supra, at 747-748, 111 S.Ct.
> 2546; Sykes, supra, at 84-85, 97 S.Ct. 2497. A
> state court's invocation of a procedural rule
> to deny a prisoner's claims precludes federal
> review of the claims if, among other
> requisites, the state procedural rule is a
> nonfederal ground adequate to support the
> judgment and the rule is firmly established
> and consistently followed. See, e.g., Walker
> v. Martin, 562 U.S. ----, ----, 131 S.Ct.
> 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard
> v. Kindler, 558 U.S. ----, ----, 130 S.Ct.
> 612, 617-618, 175 L.Ed.2d 417 (2009). The
> doctrine barring procedurally defaulted claims
> from being heard is not without exceptions. A
> prisoner may obtain federal review of a
> defaulted claim by showing cause for the
> default and prejudice from a violation of
> federal law. See Coleman, 501 U.S., at 750,
> 111 S.Ct. 2546.

Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012).

In addition, in addressing the question of exhaustion, the
Court must ask whether the claim was raised in the state court

proceedings and whether the state court was alerted to the federal

nature of the claim:

> Before seeking § 2254 habeas relief in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction. See 28 U.S.C. § 2254(b), (c). For a federal claim to be exhausted, the petitioner must have "fairly presented [it] to the state courts." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005). The Supreme Court has suggested that a litigant could do so by including in his claim before the state appellate court "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). The Court's guidance in Baldwin "must be applied with common sense and in light of the purpose underlying the exhaustion requirement"—namely, giving the state courts "a meaningful opportunity" to address the federal claim. McNair, 416 F.3d at 1302. Thus, a petitioner could not satisfy the exhaustion requirement merely by presenting the state court with "all the facts necessary to support the claim," or by making a "somewhat similar state-law claim." Kelley, 377 F.3d at 1343-44. Rather, he must make his claims in a manner that provides the state courts with "the opportunity to apply controlling legal principles to the facts bearing upon (his) [federal] constitutional claim." Id. at 1344 (quotation omitted).

Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-52 (11th Cir.

2012), cert. denied, 133 S.Ct. 875 (2013).

Procedural defaults may be excused under certain

circumstances.  Indeed, "[a] petitioner who fails to exhaust his

claim is procedurally barred from pursuing that claim on habeas

review in federal court unless he shows either cause for and actual

- 11 -

prejudice from the default or a fundamental miscarriage of justice from applying the default." Id. at 1353 (citing Bailey v. Nagle, 172 F.3d 1299, 1306 (11th Cir. 1999) (per curiam)). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

> In order for Petitioner to establish cause,

> > the procedural default "must result from some
> > objective factor external to the defense that
> > prevented [him] from raising the claim and
> > which cannot be fairly attributable to his own
> > conduct." McCoy v. Newsome, 953 F.2d 1252,
> > 1258 (11th Cir. 1992) (quoting Carrier, 477
> > U.S. at 488, 106 S.Ct. 2639). Under the
> > prejudice prong, [a petitioner] must show that
> > "the errors at trial actually and
> > substantially disadvantaged his defense so
> > that he was denied fundamental fairness." Id.
> > at 1261 (quoting Carrier, 477 U.S. at 494, 106
> > S.Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir.), cert. denied, 528 U.S. 934 (1999). Of note, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 132 S.Ct. at 1315.

Upon consideration, Petitioner failed to address his current claims raised in grounds one, two, three and five of the Petition in his state court appellate brief; therefore, this failure constitutes a waiver of grounds one, two, three, and five, as

Petitioner received an evidentiary hearing on those claims.  Thus, grounds one, two, three and five are unexhausted and procedurally defaulted.  Petitioner has failed to show cause and prejudice, and he has failed to show that failure to address each claim on the merits would result in a fundamental miscarriage of justice.

Petitioner asks the Court to address all of his grounds, asserting that he was not required to file a brief because of the summary denial of his state post conviction motion.  Reply at 1-2. Since Petitioner received an evidentiary hearing on his current grounds, except for his claim that counsel was ineffective for failure to properly question prospective jurors during voir dire about their assumptions concerning the testimony of law enforcement officers (ground two of his Rule 3.850 motion; ground four of his Petition), this contention would only pertain to ground four of the Petition, the only claim currently at issue that was summarily denied by the trial court.  Thus, to the extent that Petitioner was not required to brief this claim,[4] the Court will consider the ground exhausted and not procedurally defaulted.

---

[4]   The Court is not convinced that Petitioner properly exhausted ground four.  See Williams, 2007 WL 2330794, at *2 (noting that grounds two and five of the Rule 3.850 motion were summarily denied by the trial court, Petitioner received an evidentiary hearing on his Rule 3.850 motion, he filed an appeal brief but failed to address grounds two and five, and the Court found the failure to brief these grounds constituted a waiver of the issues).  For the purposes of rendering a complete decision, however, the Court will consider the claim raised in ground four.

**Merits**

In addressing the Rule 3.850 motion, the post conviction court first found Petitioner's communications, either through sworn motion or otherwise, to be devoid of credibility.  Ex. I at 56. The court, after hearing Benager Douglas's testimony at the evidentiary hearing, concluded that "defendant committed perjury, suborned perjury, committed forgery and/or coerced the filing of a perjured affidavit in an attempt to defraud this Court and the justice system." Id. at 59.  The court also considered the fact that Petitioner "is a five-time convicted felon." Id.  Of import, the court recognized Petitioner's motivation to avoid serving a life sentence.   Id.   Taking all of these factors into consideration, the court found "all of Mr. Mitchell's averments to be unworthy of belief." Id.

The circuit court rejected Petitioner's claim concerning counsel's failure to properly question the venire.[5]  The court, in summarily denying this ground, held:

> Notwithstanding that, in Ground II of the motion, the defendant alleges ineffective assistance of counsel because his lawyer "failed to properly question prospective jurors during *voir dire* about their assumptions concerning the testimony of law enforcement officers".  In this ground, the movant fails to set forth what questions should have been asked of prospective jurors, fails to show how such questions would have overcome or ameliorated the fact that trial testimony indicated that the defendant and his

---

[5] This claim is raised in ground four of the Petition.

- 14 -

> fiancé made inconsistent statements, and fails
> to allege how such interrogation of
> prospective jurors would have changed the
> outcome of the trial.   Ground II is legally
> insufficient on its face and fails to meet the
> second prong of *Strickland v. Washington*, 466
> U.S. 668, 687 (1984).

Ex. I at 60.

Of importance, the court recognized the standard for ineffectiveness as set forth in <u>Strickland</u>.   The court applied the appropriate standard, and found Petitioner was not entitled to post conviction relief.   The appellate court affirmed the circuit court's decision.   Thus, the decision to deny this ground is entitled to AEDPA deference.

With regard to the remaining grounds raised in his Petition, the post conviction court conducted an evidentiary hearing. Petitioner's trial counsel, Lester Makofka, testified, as well as Benager Douglas and Kenneth Geddes.   Ex. J; Ex. K; Ex. L.   The court noted:

> Evidentiary hearing was held on Grounds
> I, III, V, VII and VIII.   Ground I alleges
> ineffective assistance of counsel for failure
> to investigate and locate "CeCe" Allen, a
> potential witness.   The motion also complains
> of failure to depose Ms. Allen, failure to
> subpoena her to trial, and failure to show the
> jury, through Ms. Allen's testimony, evidence
> that would have cast doubt on the defendant's
> guilt.   All of these allegations are
> conclusively refuted by the record herein,
> including the record of trial and testimony
> from the evidentiary hearing.

Ex. I at 61.

The court explained:

- 15 -

Lester Makofka, Esquire, **an attorney of 31 years experience in trying criminal cases**, testified that the witness' [sic] real name was Celia Allen.  He further testified that he not only investigated her and located her, he took her deposition in preparation for trial.  Mr. Makofka testified that Ms. Allen's testimony was that she owned the Frasier Street resident [sic] where the shooting occurred, that she was present during the party, heard a shot, saw the victim fall, but did not actually see who shot the victim, Mr. Cooper.    She maintained throughout her testimony that she could not say any specific person shot the victim.  Her sworn testimony included a description which was consistent with that of the defendant, although she did not identify him or anyone else as the shooter.  Her testimony was not exculpatory, and, in fact, was somewhat inculpatory, in Mr. Makofka's opinion.   He testified that he discussed this issue with his client, and while Mr. Mitchell originally wanted to put Ms. Allen on the stand, after their discussions he ultimately agreed with Mr. Makofka not to call Ms. Allen as a witness.  Mr. Makofka felt as a matter of strategy that Ms. Allen not only did not benefit their case, the fact that she could cause them to lose a second closing argument (the prior rule was still in effect at this time), **which in his 31 years of experience**, he believes was very, very important.  Mr. Makofka also testified that the movant's allegation that Celia Allen was unavailable at trial is false.    He testified that he had her in the hallway outside of the courtroom throughout the trial.  He testified that he did not make the final decision not to call her until he saw where the State's case had led.  The final decision not to use her was not made until after he saw that he could not use her, even in rebuttal.  Ground I is conclusively refuted by the record herein, including the testimony taken at the evidentiary hearing.

Id. at 61-62 (emphasis added).[6]

The court also found:

> In Ground V the defendant alleges that his counsel was ineffective for failing to file a motion to suppress photospread evidence, and failure to object to the term "mugshot" during the trial.  The record is clear and uncontroverted that Mr. Makofka did object to the use of the term "mugshot" and the Court sustained his objections.  The Court made an *in limine* ruling that no witness could refer to these photos as mugshots.
>
> While Mr. Makofka did not file a motion to suppress the photospread, he did object to the photospread being admitted into evidence in the trial.  Additionally, based upon Mr. Makofka's objections, the Court required that individual photos were cropped so that they showed no JSO numbers, DSO numbers, or any numbers indicating that [sic] related to an arrest.  The resulting photos showed merely the faces of the subjects.  Mr. Makofka raised these issues and preserved the issues for appeal.  The evidence is conclusive that he was not ineffective on the issues raised on Ground V.  Additionally, admissibility of these photos was cognizable on direct appeal, and therefore cannot be raised under Rule 3.850

Id. at 62-63.

To the extent the claims of ineffective assistance of counsel were properly exhausted (grounds one, four, and five of the

---

[6] "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger."  Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc), cert. denied, 531 U.S. 1204 (2001); see Williams v. Head, 185 F.3d 1223, 1229 (11th Cir. 1999) (noting that "[i]t matters to our analysis" whether the attorney is an experienced criminal defense attorney), cert. denied, 530 U.S. 1246 (2000).

Petition), there was no unreasonable application of clearly established law in the state court's decision to reject the Strickland ineffectiveness claim.   Also, Petitioner has not overcome the presumption of correctness of the state court's factual findings.   Petitioner is not entitled to relief on his Petition because the state courts' decisions on the claims asserting ineffective assistance of counsel were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.   The decisions of the state trial and appellate courts are entitled to deference under AEDPA.   Thus, Petitioner is not entitled to habeas relief on grounds one, four and five of the Petition.

Also, to the extent claims of constitutional dimension are properly before the Court, the state courts' decisions on grounds two and three of the Petition are entitled to deference.[7]   See Ex. I at 63-71.   Of note, the post conviction court "found Mr. Geddes to be a less than credible witness."   Id. at 64.   The court related that:

> In addition to his four-time felony record, his demeanor on the witness stand was that of a person who failed to make eye contact with either of the attorneys at any time.   He

---

[7] The Court recognizes that Petitioner is not claiming ineffective assistance of trial counsel in grounds two and three of the Petition.

- 18 -

persistently looked down at his feet while
testifying. He was very evasive and even
unresponsive on some issues, and when cross-
examined about conflicts, basically said that
the interrogator did not understand "street
talk."

Id.

The court continued:

If Mr. Geddes [sic] existence had been
known to Mr. Makofka, and if he had been
called to the witness stand, it is highly
unlikely that his testimony would have changed
the outcome of the trial[.] His affidavit and
testimony were that the incident occurred on
July 25th (which was the erroneous date on the
police reports), but the incident actually
took place on July 24th. Mr. Geddes testified
that he was certain of the date because of his
fiance's birthday, and he testified that he
had never seen any police reports about this
case.

. . . .

It is extremely unlikely that this strong case
would have been overcome by the testimony of
this evasive four-time convicted felon, who
wants to help "his dog" get out of prison.
Ground VII is conclusively refuted by the
record herein, including the testimony at the
evidentiary hearing.

Id. at 65.

With regard to the testimony of Benager Douglas (a state

witness at trial), the court was equally unconvinced of the

believability of his affidavit and recantation testimony at the

evidentiary hearing. The court not only found that Petitioner

"suborned perjury," it also found that Douglas's affidavit was

"obviously untruthful." Id. at 65. The court further found that

- 19 -

under cross examination, Mr. Douglas said that he "recanted only because he was the defendant's friend and did not want to hurt him, not because his first testimony was untrue." Id. at 66.  Finally, the court found that "Mr. Douglas' [sic] post-trial statements are totally devoid of credibility, except during the periods when he is admitting to committing perjury to help his friend." Id.

With respect to grounds two and three, the presumption of correctness of the state court's factual findings has not been rebutted with clear and convincing evidence.  Also, "[i]t is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002). The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  Therefore, Petitioner is not entitled to habeas relief on grounds two and three of his Petition because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 11-38.

### VI. CERTIFICATE OF APPEALABILITY

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. See Rule 11, Rules

Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  <u>See</u> <u>Slack</u>, 529 U.S. at 484.  However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

- 21 -

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of May, 2014.

_____
BRIAN J. DAVIS
United States District Judge

sa 5/19
c:
David Lee Mitchell
Counsel of Record

- 22 -